**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LEO DAVIS, | No. 19-16337 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04245-SMB-CDB |
| v. | |
| PAUL PENZONE, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Arizona state pretrial detainee John Leo Davis appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims arising out of his detention.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Davis's failure-to-protect and retaliation claims because Davis failed to allege facts sufficient to state any plausible claims. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of First Amendment retaliation claim in the prison context).

The district court dismissed Davis's due process claim as to all defendants for failure to state a claim. However, Davis alleged that defendant Aguirre left Davis without clothing in a freezing cell for twelve hours, denied his requests for water, and verbally abused him. Davis further alleged that defendants Aguirre and Roberts took away Davis's blanket. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (setting forth the standard for determining whether conditions of pretrial detention are constitutional under the Fourteenth Amendment). We reverse and remand for further proceedings as to this claim and these defendants only.

19-16337

The district court properly dismissed Davis's due process claim as to defendants other than Aguirre and Roberts because Davis failed to allege facts sufficient to show that these defendants were personally involved or causally connected to placing and leaving Davis in the cell. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (supervisory liability under 42 U.S.C. § 1983 requires a showing that supervisor was personally involved or there is a sufficient causal connection); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

We reject as meritless Davis's contentions that he was held to a higher standard as a pro se plaintiff, and that the district court overlooked the fact that Davis was entitled to compensatory, nominal, and punitive damages.

In his opening brief, Davis fails to raise, and has therefore waived, any challenge to the district court's dismissal of his state law claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

19-16337